```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**CLIFTON ADIANSHINGH,**

    Movant

v.                                       CIVIL ACTION NO. 2:03-0608
                                                    (Criminal No. 2:00-00207-02)

**UNITED STATES OF AMERICA,**

    Respondent

## MEMORANDUM OPINION AND ORDER

**Pending is movant Clifton Adianshingh's motion pursuant to 28 U.S.C. § 2255, filed June 30, 2003. On October 3, 2003, counsel was appointed to represent the movant. The movant by counsel subsequently filed on January 12, 2004, an amended motion pursuant to section 2255.**

**Movant seeks the vacatur, set aside, or correction of his sentence of 210 months, which was imposed following his plea of guilty to an information charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e)(1). Movant prosecuted a direct appeal of his conviction, asserting he should have been permitted to withdraw his plea because it was "unknowing and involuntary." United States v. Adianshingh, No. 00-207, slip op. at 2 (4th Cir. Jun. 27, 2002). The appeal was unsuccessful.**

The court received the proposed findings and recommendation (PF&R) of the magistrate judge filed on March 29, 2004, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). On April 8, 2004, the government objected.

I.

The PF&R contains a lengthy and thorough recitation of the facts. The court summarizes and supplements that recitation only insofar as is necessary to the appropriate disposition of the objections.

On October 24, 2000, a grand jury handed up a four-count superseding indictment. Movant was named in Counts I and II. Count I charged the movant with conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. Count II charged the movant with possessing a firearm after having been convicted of certain felony offenses in violation of 18 U.S.C. §§ 921(a)(20), 922(g)(1) and 924(a)(2). Count I was severed and the movant proceeded to trial on Count II.

On January 2, 2001, the movant's jury trial commenced. Following the conclusion of opening statements, the movant

2

advised the court of his desire to plead guilty to a single-count information alleging a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e)(1).  The information alleged that the movant had previously been convicted of the following three felony offenses:

    A.    Convicted on or about April 21, 1998, in the Nassau County District Court, Nassau County, New York, of Attempted Assault in the Second Degree, in violation of New York State Penal Code Article 110, Section 110, and Article 120, Section 120.05;

    B.    Convicted on or about August 30, 1996, in the Nassau County District Court, Nassau County, New York, of Criminal Possession of a Controlled Substance in the Fifth Degree, in violation of New York State Penal Code Article 220, Section 220.06.

    C.    Convicted on or about October 12, 1990, in the Nassau County District Court, Nassau County, New York, of Criminal Possession of a Controlled Substance in the Fifth Degree, in violation of New York State Penal Code Article 220, Section 220.06.

(Inform. ¶¶ 2.A-C).  The 1990 and 1996 convictions are referred to hereinafter as the "controlled substance offenses."

On July 26, 2001, the court imposed sentence.  As noted, the movant was ordered imprisoned for a 210 month term, to be followed by a 5 year period of supervised release.  Movant's total offense level was calculated at 32.  This total offense level, when combined with movant's criminal history category of VI, resulted in a Guidelines imprisonment range of 210-262

months.  The court observed that the movant was subject to a statutory 15 year mandatory minimum term of imprisonment pursuant to section 924(e)(1).  The Judgment provides that "Count(s) one and two of the two-count indictment are dismissed on the motion of the United States."  (Jgt. at 1).

## II.

A.   The Governing Standard

The standard governing ineffective assistance claims was announced in Strickland v. Washington, 466 U.S. 668 (1984).  Strickland requires a two-part showing as follows: (1) counsel's performance must have fallen "below an objective standard of reasonableness," and (2) that "deficient performance" must have "prejudiced the defense."  Id. at 687-88.  The deference afforded trial counsel under Strickland is "appropriately extensive, because appellate courts are poorly suited to second-guess trial strategy and on-the-fly decisions of trial counsel."  Humphries v. Ozmint, 397 F.3d 206, 234 (4th Cir. 2005)(citing Strickland, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the

presumption that, under the circumstances, the challenged action might be considered sound trial strategy.")).

B.   Application of the <u>Strickland</u> Standard

The statutory basis for the sentence can be gleaned from an analysis of the statutes set forth in the information. The statutory maximum term of imprisonment for a violation of section 922(g) is 10 years.  <u>See</u> 18 U.S.C. § 924(a)(2).  The information also alleged, however, that the penalty provision found at 18 U.S.C. § 924(e)(1) was applicable.  At the time of the offense conduct, that section provided as follows:

> In the case of a person who violates section 922(g) . . . <u>and has three previous convictions</u> by any court referred to in section 922(g)(1) . . . for a violent felony or <u>a serious drug offense</u>, or both, committed on occasions different from one another, such person shall be . . . imprisoned <u>not less than fifteen years</u> . . . .

<u>Id.</u> (emphasis supplied).  A "serious drug offense" is defined by the statute as follows:

> (A) the term "serious drug offense" means --
>
>     . . . .
>
>     (ii)  an offense under State law, involving . . . possessing with intent to . . . distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law . . . .

5

18 U.S.C. § 924(e)(2)(A)(i).  The statutory maximum under section 924(e)(1) is life imprisonment.

At all material times, the New York statute criminalizing the possession of a controlled substance in the fifth degree provided that the offense was "a class D felony."  See N.Y. Penal Law § 220.06 (2006).  It appears the maximum sentence for a class D felony, even assuming the movant was treated as a second felony offender, did not exceed seven (7) years at the time movant committed the controlled substance offenses.  Compare N.Y. Penal Law § 70.06(3)(d) (1989), with N.Y. Penal Law § 70.06(3)(d) (1997).

The Strickland analysis is straightforward under these circumstances.  First, counsel performed in an objectively unreasonable fashion by not alerting his client and the court to the fact that two of movant's prior convictions did not satisfy the section 924(e)(1) prerequisites.  Second, counsel's deficient performance prejudiced the movant.  Absent the error, the movant would have been subject to a 10 year maximum sentence as opposed to a 15 year mandatory minimum sentence and a maximum life term.  Accordingly, the court ORDERS that the movant's sentence of imprisonment be, and it hereby is, vacated pending the outcome of further proceedings.

Our court of appeals' precedent supports this result. After reviewing a defendant's prior convictions in <u>United States v. Maybeck</u>, 23 F.3d 888 (4th Cir. 1994), it was observed that the defendant was actually innocent of being a career offender as defined in § 4B1.1 of the Guidelines. This was so because Maybeck had "only one prior felony conviction that was a crime of violence, and . . . [had] none that were controlled substance offenses."[1] <u>Id.</u> at 892 (footnote omitted). Inasmuch as the record "conclusively show[ed] that Maybeck was actually innocent of one of the predicate requirements for classification as a career offender" the court of appeals reversed the denial of Maybeck's section 2255 motion.

Relief under <u>Maybeck</u> is contingent upon an examination of prejudice to both the movant and the government. With respect to the movant here, the foregoing <u>Strickland</u> analysis illustrates that prejudice resulted to the movant based upon the sentence

---

[1] The United States Court of Appeals for the Third Circuit has observed that "<u>Maybeck</u> . . . was [subsequently] limited by a later panel to 'the context of eligibility for application of a career offender or other habitual offender guideline provision' and . . . not to . . . non-factual challenges to the application of sentencing enhancements." <u>Cristin v. Brennan</u>, 281 F.3d 404, 422 (3rd Cir. 2002) (quoting <u>United States v. Mikalajunas</u>, 186 F.3d 490, 495 (4th Cir. 1999). <u>Maybeck</u>, as limited, would still appear to apply to this section 924(e)(1) setting, which concerns a statutory habitual offender provision.

imposed.  <u>Maybeck</u>'s analysis concerning prejudice to the government is a bit less obvious.  The same remedy fashioned in <u>Maybeck</u> though is appropriate here:

> One of the government's other arguments is persuasive . . . . The government urges that it would be prejudiced by a remand either for a new sentencing or for a new trial. It argues that the passage of time, the FBI's routine destruction of evidence, and fading memories of witnesses would handicap a prosecution. It contends that a remand simply for resentencing would also be prejudicial to its position, since it relinquished the opportunity to prosecute Maybeck on other counts when the plea agreement was negotiated. It is no overstatement to say that Maybeck has not been a model citizen; he has been incarcerated for a good part of his life and has admitted to at least six crimes and two prison escapes. The government's argument that it should not be inappropriately prejudiced in protecting the society at large from demonstrated criminal activity is persuasive, particularly under the circumstances represented here. On the other hand, even though Maybeck himself is in a large sense responsible for his being counted a career criminal, that does not completely outweigh the objective of protecting defendants from sentencing based on elements of crimes for which they are conclusively innocent. <u>We think in this case both vital concerns can be accommodated, at least in part, by returning the parties as nearly as possible to their pre-plea agreement positions.</u> The case is, therefore, reversed and remanded for resentencing, <u>but after entertaining the parties' positions, the district court may, in its discretion, accept the guilty plea and resentence, or refuse to accept and vacate the guilty plea and order Maybeck and the government to enter into a new agreement. In the latter instance, if the parties fail to reach agreement, they should be ordered to proceed to trial on an appropriate indictment.</u>

**Id.** at 894-95 (emphasis supplied).[2]

Based upon the foregoing discussion and **Maybeck**, the court ORDERS as follows:

1. That the movant's amended section 2255 motion be, and it hereby is, granted insofar as he seeks the vacatur of his sentence. The court withholds judgment on the remainder of the motion pending the parties' discharge of their obligations to the court under paragraph 4 *infra*;

---

[2]The magistrate judge posited as follows: "The parties cannot be returned to their pre-plea agreement posture. When the jury was sworn to try the issue, jeopardy attached to Count Two . . . . [T]hus Defendant cannot be re-tried on that count, for which the information was substituted." (PF&R at 14). Long-standing precedent is in tension with the magistrate judge's conclusion:

> Well-established Supreme Court jurisprudence on this subject teaches that "the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside . . . because of some error in the proceedings leading to conviction."

**United States v. Ellyson**, 326 F.3d 522, 532 (4th Cir. 2003); **Lockhart v. Nelson**, 488 U.S. 33, 38 (1988)(characterizing the rule in **United States v. Tateo**, 377 U.S. 463 (1964), as standing for the proposition that "retrial [is] permissible when [a] conviction [is] declared invalid on collateral attack.").

2. That the sentence imposed upon the movant be, and it hereby is, vacated. The movant will remain in the custody of the Bureau of Prisons pending further proceedings and resentencing;

3. That the parties be, and they hereby are, directed to consult with one another concerning the proper course of events that are to follow; and

4. That the parties be, and they hereby are, directed to report their respective or agreed positions to the court no later than June 19, 2006, at which time the court will exercise the discretion accorded it under *Maybeck*.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the movant.

DATED: May 18, 2006

_____
John T. Copenhaver, Jr.
United States District Judge